IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ESTATE OF ROBBIE LASHAY LEWIS STACKS
AND MATTHEW STACKS, Individually
and on Behalf of the Other Wrongful Death
Beneficiaries of Robbie Lashay Lewis Stacks             PLAINTIFFS

VERSUS                                                                          NO. 1:12CV32-D-S

PRENTISS COUNTY, MISSISSIPPI, AND
CITY OF BOONEVILLE, MISSISSIPPI,
AND MARCELLA ALVARADO,
JO CAROL KNIGHT, AND
ELIZABETH LINDSEY, In Their Individual Capacities            DEFENDANTS

                                                                         JURY TRIAL DEMANDED

## SECOND AMENDED COMPLAINT

      This is a civil action to recover actual, compensatory and punitive damages for the Defendants' violations of the Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment and Fourteenth Amendment due process right to adequate medical care and protection from suicide made actionable pursuant to 42 U.S.C. § 1983. The following averments support this civil action:

### PARTIES

      1. The Plaintiff, Estate of Robbie Lashay Lewis Stacks, is an estate administered by Matthew Stacks.

      2. The Plaintiff, Matthew Stacks, is an adult resident citizen of Saltillo, Lee County, Mississippi. He brings this civil action individually as a wrongful death

beneficiary of Robbie Lashay Lewis Stacks and on behalf of the other wrongful death beneficiaries of Robbie Lashay Lewis Stacks: Blayton Michael Lewis, Jaden DeWayne Lewis Matthew Dalton Stacks and Colten Seth Stacks.

3. The Defendant, Prentiss County, Mississippi, is a political subdivision of the State of Mississippi. The Defendant Prentiss County, Mississippi may be served with process by service upon its Chancery Clerk, Honorable David "Bubba" Pounds, 100 North Main Street, Booneville, Mississippi 38829.

4. The Defendant, City of Booneville, Mississippi, is a code charter incorporated municipality of the State of Mississippi. The Defendant City of Booneville may be served with process by service upon its City Clerk, Ms. Lavaile Shields, 203 North Main Street, Booneville, Mississippi 38829.

5. The Defendant, Marcella Alvarado, is, upon information and belief, an adult resident citizen of Prentiss County, Mississippi. At the time of the events and occurrences related in this Complaint she was employed as a jailer at the Prentiss County Jail. She may be served with process at 1901-B East Chambers Drive, Booneville, Mississippi 38829.

6. The Defendant, Jo Carroll Knight, is, upon information and belief, an adult resident citizen of Prentiss County, Mississippi. At the time of the events and occurrences related in this Complaint she was employed as a jailer at the Prentiss

County Jail. She may be served with process at 1901-B East Chambers Drive, Booneville, Mississippi 38829.

7. The Defendant, Elizabeth Lindsey, is, upon information and belief, an adult resident citizen of Prentiss County, Mississippi. At the time of the events and occurrences related in this Complaint she was employed as a jailer at the Prentiss County Jail. She may be served with process at 1901-B East Chambers Drive, Booneville, Mississippi 38829.

JURISDICTION & VENUE

8. This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. 1343(a)(3) (Civil Rights).

9. Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. § 1391, since the Defendants reside in this judicial district, and a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

CAUSE OF ACTION

10. On, or about, February 1, 2009, Robbie Lashay Lewis Stacks ("Shay") was incarcerated at the Prentiss County Jail.

11. Shay was held at the Prentiss County Jail on a charge of Contempt of Court, Careless Driving and Driving without a License.

12. On February 2, 2009, Shay was taken to Booneville Municipal Court where

she was sentenced to a fine of $459.00 and a thirty day suspended sentence on condition that she pay an additional fine of $195.00 for Contempt of Court.

13. Shay was placed on the Booneville Police Department Work Program in order to pay off her fines.

14. During her incarceration at the Prentiss County Jail, Shay, as an inmate of the Defendant City of Booneville, was held subject to an Interlocal Agreement, between the Defendant Prentiss County and the Defendant City of Booneville, which provided for the custody and care of arrestees and inmates at the Prentiss County Jail.

15. The Interlocal Agreement between the Defendant Prentiss County and the Defendant City of Booneville constituted and created a joint venture between these two defendants with respect to the detention and incarceration of individuals subject to arrest on charges emanating from the Defendant City of Booneville.

16. While on the work program, Shay was authorized to leave the Prentiss County Jail under the supervision of the Booneville Police Department and perform various chores and work outside the prison setting in order to pay off her fines to the Defendant City of Booneville.

17. Despite being on the work program, Shay was subject to sometimes arbitrary and wrongful discipline from jail personnel which would keep her from being able to work on the program.

18. Shortly after being incarcerated, Chief Deputy Derrick Pruitt arbitrarily and wrongfully placed Shay on lock down. When Shay questioned Mr. Pruitt, she was arbitrarily given additional days on lock down. Once on lock down, Shay was no longer able to report to the work program in order to pay off her fines.

19. In addition to Shay, almost all of the other female arrestees and inmates were also placed on lock down for extended periods of time for imagined, trivial or insignificant reasons. While on lock down the female arrestees and inmates were kept in their cells for approximately twenty-three hours a day and were only permitted out of their cells for approximately one hour to bathe.

20. The extensive and mostly arbitrary use of lock down by jail personnel exacerbated tensions in the Prentiss County Jail and increased the desperation of the female arrestees and inmates.

21. Shay became increasingly depressed and despondent and on February 17, 2009, Shay told the Defendant Marcella Alvarado that she was suicidal. Shay showed the Defendant Alvarado and other arrestees and inmates where she tried to cut her wrists on a metal table.

22. Despite vocalizing suicidal ideation and showing physical evidence of a desire to kill herself, no notation or report was made by jail personnel of Shay's suicidal ideation, Shay was not put on suicide watch and was not evaluated by trained

personnel.

23. In response to Shay saying she would kill herself, the Defendant Alvarado placed Shay alone in the drunk tank where she remained for several hours until she was put back in her cell.

24. Over the following day or so, Shay continued to vocalize to jailers, arrestees and inmates that she wanted to kill herself and requested to be allowed to remain in the drunk tank. Shay would be put in the drunk tank for several hours a day but was always returned to her cell despite begging not to be placed back in her cell. While in the drunk tank, Shay would lack the means to kill herself.

25. On or about February 19, 2009, Shay refused to come out of her cell to get her lunch tray. The Defendant Elizabeth Lindsey, told the arrestees and inmates that she was not Shay's maid and would not "taze" her but would "beat the hell out of her." The Defendant Lindsey then slammed Shay's cell door shut.

26. Shay continued to beg to be placed in the drunk tank but was ignored by jail personnel. Shay later told the Defendant Lindsey that she had lost everything, including her family and her home, and had nothing more to live for. Shay told the Defendant Lindsey that she was trying to kill herself by cutting her wrists and showed the Defendant Lindsey her arms. The Defendant Lindsey ignored Shay and stated, "I have bigger fish to fry."

27. Shay continued to beg jailers to place her in the drunk tank. Finally, after another verbal confrontation with the Defendant Lindsey, Shay was placed in the drunk tank.

28. Shay remained in the drunk tank for several hours, until she was moved out of the drunk tank by the Defendant Lindsey. Shay asked the Defendant Lindsey what she had done wrong and begged to be left alone in the drunk tank. Despite begging to remain in the drunk tank, Shay was placed back in her cell.

29. Shay was placed in her cell and ate her dinner. She again asked the Defendant, Jo Carol Knight, to be placed in the drunk tank but her request was ignored by the Defendant Knight who slammed Shay's cell door shut.

30. At the end of the shift, none of the jail personnel on duty during the shift made a notation or report that Shay was suicidal. None of the jailers placed Shay on suicide watch or sought medical intervention for her.

31. At the start of the following shift, jailer, Nena Isbell, conducted a cell check and head count. Shay came to her cell window, something she never did, and greeted Ms. Isbell. Shay was not checked on again.

32. Approximately thirty minutes to one hour later, Shay called out to one of the other women to read a verse from the Bible. Immediately thereafter, Shay could be heard coughing in her cell.

33. The female inmates and arrestees called out to Shay and when she failed to respond, jail personnel were called to assist Shay.

34. Ms. Isbell and jailer Josh Hughes responded to the call for help and found Shay hanging in her cell. Ms. Isbell and Mr. Hughes got Shay down and let two females out of their cells to perform CPR on Shay until emergency medical personnel could arrive.

35. Shay's skin had turned blue, her lips were purple and she had soiled herself when the females began performing CPR. Approximately fifteen minutes later, paramedics arrived.

36. Shay was transported to a hospital where she remained on life support for several days. On February 24, 2009, life support was withdrawn. Shay died the morning of February 25, 2009 as a result of "complications of hanging with near asphyxia."

37. All of the individual defendants had direct personal contact with Shay and had personal knowledge of her suicidal ideation and requests for help. None of the individual defendants noted or reported Shay's suicidal ideation, placed her on suicide watch or sought medical or other trained intervention on her behalf.

38. At all times relevant to this civil action the individual Defendants acted under color of law.

39. At all times relevant to this civil action the individual Defendants acted with reckless disregard for Shay's federally protected rights.

Claim 1 (Denial of Medical Care/Failure to Prevent Suicide - Municipal Defendants)

40. The Defendant Prentiss County and the Defendant City of Booneville failed to adopt adequate policies and procedures to detect and respond to the obvious medical and mental health needs of arrestees and inmates with known, demonstrable and serious medical and mental health disorders.

41. The Defendant Prentiss County and the Defendant City of Booneville failed to provide custodial officials with minimal training to detect and respond to the obvious medical and mental health needs of arrestees and inmates with known, demonstrable and serious medical and mental health disorders.

42. The Defendant Prentiss County and the Defendant City of Booneville maintained a policy, practice, custom or usage which authorized and/or mandated and/or condoned and/or ratified the denial of medical and mental health care to arrestees and inmates.

43. The Defendant City of Booneville participated in a joint venture with the Defendant Prentiss County for the custody and care of the City of Booneville's arrestees and inmates and constitutes a real party in interest to this litigation by having subcontracted such jail services to the Defendant Prentiss County whose employees at

9

all times acted as agents for the Defendant City of Booneville.

44. The acts and omissions of the Defendant Prentiss County and the Defendant City of Booneville manifested deliberate indifference to the rights of inmates with whom custodial officials came into contact.

45. As a direct and proximate result of the acts and omissions of the Defendant Prentiss County and the Defendant City of Booneville, these defendants violated Shay's constitutional rights guaranteed under the Eighth Amendment and the Fourteenth Amendment to adequate medical care and the prevention of suicide and caused her death.

Claim 2 (Denial of Medical Care/Failure to Prevent Suicide - Individual Defendants)

46. The individual defendants failed to provide Shay with adequate medical and mental health care and protection from suicide.

47. The individual defendants were subjectively aware of a substantial risk of serious harm to Shay but through their acts and omissions manifested deliberate indifference towards her.

48. As a direct and proximate result of the acts and omissions of the individual defendants Shay's constitutional rights guaranteed under the Eighth Amendment and the Fourteenth Amendment to adequate medical and mental health care and the prevention of suicide were violated and caused her death.

PRAYER

49. Plaintiffs pray for the following relief:

    1. actual damages for future loss of income, medical expenses and funeral expenses;

    2. hedonic damages for the loss of enjoyment of life which Shay suffered;

    3. compensatory damages for pain and suffering, emotional distress, suffering, inconvenience, mental anguish, humiliation, shame, loss of self-esteem, fear, and embarrassment which Shay suffered;

    4. compensatory damages to Shay's wrongful death beneficiaries for loss of affection and companionship;

    5. punitive damages against the individual Defendants;

    6. reasonable attorney's fees; and

    7. reasonable costs.

Respectfully submitted, this the 9th day of October, 2013.

/s/ Victor Israel Fleitas

VICTOR I. FLEITAS
MS BAR NO. 10259

Michael D. Cooke, PLLC
P.O. Box 625
Iuka, MS 38852
662.423.2000 (Phone)
662.423.2052 (Fax)
mcooke45@gmail.com (E-mail)

Victor I. Fleitas, P.A.
P.O. Box 7117
Tupelo, MS 38802-7117
662.840.0270 (Phone)
662.840.1047 (Fax)
fleitasv@bellsouth.net (E-mail)

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2013 I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

G. Clark Monroe, II, Esq.
Eric R. Price, Esq.
Dunbar Monroe, P.A.
270 Trace Colony Park, Suite A
Ridgeland, Mississippi 39157

Gary E. Friedman, Esq.
William M. Beasley, Esq.
William M. Beasley, Jr., Esq.
Phelps Dunbar
P.O. Box 16114
Jackson, Mississippi 39236-6114

Michael D. Cooke, Esq.
Michael D. Cooke, PLLC
P.O. Box 625
Iuka, Mississippi 38852

This the 9th day of October, 2013.

/s/ Victor Israel Fleitas
_____
VICTOR I. FLEITAS